**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEAH TINGLER<br>5012 Constitution Avenue<br>Harrisburg, PA 17109<br><br>　　　　Plaintiff,<br>　　v.<br><br>COMMONWEALTH OF PENNSYLVANIA<br>89e Capitol East Wing<br>Harrisburg, PA 17120  and<br><br>PENNSYLVANIA STATE SENATE<br>89e Capitol East Wing<br>Harrisburg, PA 17120<br><br>　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## **CIVIL ACTION COMPLAINT**

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### **I.　　Introduction**

1.　　Plaintiff has initiated the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, and other applicable federal and state law.  She asserts that Defendants illegally subjected her to sexual harassment and discrimination.

### **II.　　Jurisdiction and Venue**

2.　　The instant action is initiated pursuant to Title VII of the Civil Rights Act of 1964, as amended, and applicable state law.  This Court may properly maintain personal jurisdiction over the Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play

and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

3.  The United States District Court for the Middle District of Pennsylvania may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4.  Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants either reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Middle District of Pennsylvania at the time of the unlawful actions set forth herein).

### III.    Parties

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff Keah Tingler (hereinafter "Plaintiff") is an adult individual and citizen of the United States with an address as set forth above.

7.  Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate are governmental organizations with an address as set forth above.

8.  At all times relevant herein, Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate acted through their agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

9. Defendant Commonwealth of Pennsylvania and Pennsylvania State Senate are each "employers" within the meaning of Title VII because they are engaged in an industry affecting commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate are not immune from Plaintiff's Title VII claims under the Eleventh Amendment because Congress has (since 1972) specifically abrogated the states' Eleventh Amendment immunity to private suits under Title VII, and has authorized federal courts to award money damages in favor of private individuals against state governments found to have engaged in discrimination that violates Title VII. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 447-48 (1976).

## IV.  Procedural and Administrative Requirements

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

    a. Plaintiff filed a timely written charge of discrimination against Defendants with the Equal Employment Opportunity Commission alleging sexual harassment and discrimination on May 14, 2019 at Charge 530-2019-03767;

    b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on or about June 13, 2019;

    c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

    d. Plaintiff also cross-filed the aforementioned charges of discrimination

with the Pennsylvania Human Relations Commission, and may amend this Complaint to assert a claim under the Pennsylvania Human Relations Act when that claim is ripe;

### V.      Factual Background

13.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.   Plaintiff is female.

15.   Plaintiff worked for Defendants for over seventeen (17) years and her last day of employment was August 29th, 2019.

16.   Plaintiff worked in the security office for sixteen years, and then in the document room.

17.   Justin Ferrante, Security Supervisor, harassed Plaintiff on a continuing and regular basis when Plaintiff worked with him.  His conduct included text messages, calls, and sending pictures, using his senate-issued telephone.

18.   By way of example, Ferrante would send Plaintiff photographs from the bathroom of feces in the commode and would throw his wet paper towel at her while she was at her desk after using the toilet, often hitting her with them; blew a compressed air can on her neck and left a burn; knocked items off her desk and laughed; changed her screen saver to a picture of feces with eyeballs; would tell her to come back in his office and roll on the floor; and would tuck in his shirt before going into session as he was walking out his office door into the reception area (where Plaintiff was located) and say "would you like to touch my balls?"

19.   Plaintiff was eventually transferred to the document room when she refused to tolerate Ferrante's conduct any longer.

20.   Even though she was no longer under Ferrante's supervision, Plaintiff was constantly subjected to retaliation for complaining about Ferrante and refusing to tolerate his conduct and for

engaging in protected activity including but not limited to the filing of a prior EEOC charge against Defendant, and was bullied, berated, and attacked constantly.

21. By way of example, Plaintiff was harassed about absurd issues such as the shoes she should wear, the food that she ate, the fact that she had to keep her voice down to a whisper, and her arrival times at work.

22. Plaintiff was also required to inform management when she needed to use the bathroom (but males and employees who did not complain about harassment did not have to do this) and subjected to a constant pattern (which she has described as a "beatdown") of harassment and abuse by her supervisors and management, including Megan Martin and Chris Johnson (Director of the document room).

23. Plaintiff was forced to leave her employment because of the effect the foregoing harassment and retaliation had on her.

## COUNT ONE
## TITLE VII VIOLATIONS
## SEXUAL HARASSMENT, DISCRIMINATION AND RETALIATION

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. In knowingly engaging in, allowing, permitting and encouraging a pervasive and ongoing pattern of sexual harassment, discrimination and retaliation against Plaintiff as aforesaid, Defendants, by and through their agents, violated Title VII of the Civil Rights Act of 1964.

26. The foregoing harassment and retaliation would offend a reasonable person and did in fact offend Plaintiff.

27. The foregoing actions would also dissuade a reasonable employee from engaging in activity protected by Title VII and other applicable law.

28. The foregoing harassment and retaliation of Plaintiff was severe and adversely affected the terms and conditions of her employment.

29. Defendants were aware of the foregoing harassment and retaliation but nonetheless failed to take corrective action to stop same.

30. As a direct and proximate result of the foregoing sexual harassment and discrimination, Plaintiff suffered the damages set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants and that it enter an Order providing that:

A. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended, the Pennsylvania Human Relations Act, and other applicable federal and state law;

B. Defendants are to promulgate and adhere to a policy prohibiting retaliation for Title VII - protected activity, gender discrimination, and sexual harassment;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for their illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions of Defendants;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

F. Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. Plaintiff be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendants do not engage in unlawful retaliation against Plaintiff or other witnesses to this action;

I. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

J. Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

WAYNE A. ELY

BY: S/   Wayne A. Ely
Wayne A. Ely
Attorney for Plaintiff
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

September 8, 2019