# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEAH TINGLER, | : | 1:18-cv-1270 |
| | : | 1:19-cv-1552 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE SENATE, and JUSTIN FERRANTE, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **January 14, 2021**

On December 2, 2020, we issued orders to show cause in the above-captioned matters directing the *pro se* Plaintiff, Keah Tingler, to show cause why these matters should not be dismissed pursuant to Fed. R. Civ. P. 41(b)[1] due to her failure to prosecute. We gave Plaintiff until December 31, 2020 to respond to this Court's orders to show cause, and provided specific instructions to the Plaintiff as to how she could appropriately contact the Court. That deadline has now come and

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

gone without any filing or contact by the Plaintiff, and the Defendants in these matters have filed Motions to Dismiss, asking the Court to dismiss the matters for failure to comply with the Court's directives.  Given the Plaintiff's inaction in this matter, it appears that she has abandoned the case entirely, making dismissal of the matter appropriate for the reasons that follow.

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors.  As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Poulis* v. *State* Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Third Circuit has frequently sustained such dismissal orders where there has been a pattern of

dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delay in this case are entirely attributable to the Plaintiff, who has failed to abide by court orders despite being given multiple opportunities to engage herself in the litigation of these cases. Similarly, the second *Poulis* factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failure to comply with Court orders or the case management of these matters clearly impedes any adjudication or resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third *Poulis* factor-the history of dilatoriness on the Plaintiff's part–it is obvious this factor weighs against Plaintiff. Counsel for Plaintiff was permitted to withdraw in February of 2020, and Plaintiff was ultimately given 150 days to obtain new counsel.[2] Plaintiff's efforts to obtain new counsel have been unavailing for nearly half a year, and now Plaintiff has failed to respond to the Court's Orders.

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus,* 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson,* 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro*

---

[2] Plaintiff was initially granted 60 days to obtain new counsel, and then granted an additional 90 days in April of 2020 after she sought an extension of this deadline.

*se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our December 2, 2020 orders to show cause, and counseling the Plaintiff on her obligations in this case, we have endeavored to use lesser sanctions, but to no avail. Ms. Tingler has declined to obey court orders, and has otherwise ignored her responsibilities as a litigant. Since we have granted Plaintiff the opportunity to show cause why this matter should not be dismissed, but she has failed to do so, only the sanction of dismissal remains available to the Court.

Finally, under *Poulis* we are cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims.  While at first blush consideration of this factor might save this case from dismissal, a fulsome consideration of this factor ultimately weighs against Ms. Tingler.  While it is true that, when tested against the Defendants' motions to dismiss, the Court found the Plaintiff's complaint met the pleading requirements of Fed. R. Civ. P. 12(b)(6), the Plaintiff's failure to further participate in this action, specifically in the exchange of discovery, prevents this matter from advancing towards an adjudication on the merits.  The Court simply cannot divine whether the developed factual record in this case would have favored Plaintiff or Defendants. Therefore, in this case all of the *Poulis* factors call for dismissal of this case.  An appropriate Order shall issue.